JONES, Judge.
Plaintiff brings this suit to recover for carpentry work which he allegedly performed under verbal contract with defendant, Mrs. Ollie Hayden. The suit is against both Mrs. Hayden and her husband. The work consisted of the building of a house and garage and it is admitted by all parties under the verbal contract the plaintiff was to receive $1.25 per square foot for the building of the house and $0.75 per square foot for the building of the garage. The plaintiff alleges there is a balance due him of $179 for labor under the contract at $1.25 per square foot and he is further entitled to $70 for certain extras which were required over and above the original contract in the amount of $70, making a total of $249. He filed a lien against defendants’ property and he not only prays for the recovery of the $249 but for the recognition of the lien and privilege against the real estate.
Defendants entered a general denial, prayed that the plaintiff’s suit be dismissed and that the lien filed be canceled and erased from the public records.
The matter was heard in the District Court and plaintiff’s suit was dismissed at *633 his cost. The court further ordered the clerk to cancel and erase the lien from the records of his office. Plaintiff has appealed.
The case is strictly factual in nature and even though the District Judge did not give written reasons for his judgment we assume that he reached the conclusion the plaintiff failed to prove his case by a preponderance of the evidence and consequently dismissed it.
The facts show that plaintiff and defendant, Mrs. Hayden, entered into a verbal agreement for the plaintiff to build a house and garage for the defendants at a price of $1.25 per square foot for the house and $0.75 per square foot for the garage. On the date it was entered into it is admitted that a partial blueprint showing only the floor plan was used to determine just how the house would be constructed. The defendants agree they would owe the sum of $179 had the plaintiff completed the work in a satisfactory manner but they contend that there was defective work, particularly in regard to the pocket doors which was not done in a workmanlike manner. Mrs. Hayden’s testimony reflects that they were ready and willing to pay the balance of $179 as soon as the defective work was corrected but the plaintiff would never correct said work. She further denied that she owed anything for the extras over and above the original contract and, as a matter of fact, her testimony shows that she originally in the verbal contract had it understood that all those matters which plaintiff contends are extras were agreed upon and formed a part of the original contract. This, of course, is denied by the plaintiff and his testimony shows that the extras, amounting to $70, were over and above the original contract and while he practically admits that the work was not completed it is his contention, as we appreciate it, there was so much interference on the part of the defendant, Mrs. Hayden, that he could not correct the defects she was complaining of. Of course, Mrs. Hayden denied that she interfered with him in any manner whatsoever and, as a matter of fact, pleaded with him to finish the work and she would pay the balance due of $179.
In regard to the amount that was due on the contract, it is shown that after practically all the work was completed, with the exception of the defects that the defendants complained about, the plaintiff and Mrs. Hayden had a conversation in the defendants’ home and Mrs. Hayden testified that at that time the plaintiff came in and said, “Let’s figure up” and she further testified that they then took pencil and paper, took the square footage for both the house and garage and figured exactly what they were to pay and it left a balance of $379 when the house was finished. She stated that Mr. Bailey said, “Give me $200.00 and pay me the balance when I finish the job.” (Tr. 44.) It is significant that at this time the plaintiff made no demand for any extras. This testimony as given by Mrs. Hayden was not denied by the plaintiff so, consequently, if the plaintiff agreed at that time only $179 was due on the contract, then the extras he is contending for cannot be allowed for the reason that they were built at that time.
It appears to us from the reading of this transcript that Mrs. Hayden made a diligent effort to have the plaintiff correct the defective workmanship. Her testimony even shows that she went to Mr. Broussard of the Juban Lumber Company in an effort to get Mr. Bailey to complete the work on the house. The record shows that Mr. Broussard furnished the materials not only for this house but for other houses the plaintiff, Mr. Bailey, was building. Her testimony further shows that she did have a conference with Mr. Broussard and Mr. Bailey and the latter promised in the presence of Mr. Broussard to fix the house on the following morning and that she waited for several hours the next day and Mr. Bailey did not put in an appearance. If her testimony were not true, it seems plausible that Mr. Bailey would have called Mr. Broussard in rebuttal.
*634 As heretofore stated, only a factual situation is presented herein and the trial judge in dismissing the plaintiff’s suit is hound to have accepted defendant’s testimony and rejected that of the plaintiff. Since we are unable to find anything in the record that would suggest any manifest error in the finding of the trial court, the judgment dismissing the plaintiff’s demands and ordering the lien against the defendant’s property canceled is affirmed, the plaintiff to pay the costs.
Affirmed.